HARKNESS (MONROE v.). See Case No. 9,715.

## Case No. 6,066.

### HARLAN et al. v. The NASSAU.

[Blatchf. Pr. Cas. 199.] [1]

District Court, S. D. New York. July 29, 1862.[2]

ADMIRALTY—PRIZE OF WAR—PRIVATE LIENS SUPPLANTED.

1. A motion being made by the libellants in a private suit for the sale of the vessel as perishing, and it appearing that the vessel was under capture as prize of war, the motion was denied.

1 [Reported by Samuel Blatchford, Esq.]
2 [Affirmed in Case No. 10,028.]

2. The capture as prize overrides and supplants all private liens.

[See note at end of case.]

In admiralty.

## Case No. 6,067.

### HARLAN et al. v. The NASSAU.

[Blatchf. Pr. Cas. 220.] [1]

District Court, S. D. New York. Sept. 30, 1862.

ADMIRALTY—PRIZE OF WAR—NOT ATTACHABLE IN PRIVATE ACTION.

In this case, after the vessel had been libelled as prize, a libel on the instance side of the court was filed against her to recover a private claim. The court dismissed the latter libel, holding that the case was under the exclusive jurisdiction of the prize court: that the vessel, while under arrest as prize, could not be attached in a private

1 [Reported by Samuel Blatchford, Esq.]

action, and that relief must be sought in the prize court.

[Cited in Re People's Mail Steamship Co., Case No. 10.970.]

In admiralty.

BETTS, District Judge. The libellant sued out a libel on the instance side of the admiralty court, and had this vessel attached thereon on the 17th of June last. After the arrest of the vessel, the libellants, demanding a debt or lien against the vessel as private creditors, moved the court for an interlocutory order of sale, because of its perishing condition. The United States intervened in the suit, alleging that the vessel had been seized by the government as prize of war, and was in their actual custody, under that seizure, at the time of the service of the attachment in this cause. Mr Edwards also appeared for a private claimant of the vessel. Objection was taken by the intervening parties to the right of libellants to prosecute the vessel in admiralty while she is held in actual custody by the United States as prize of war. The motion referred to was heard and denied by the court on the 1st of July last, on the ground that the instance court could not take cognizance of a prize capture, and that the remedy of the libellants, if any they had, must be first sought in the prize court, and under its jurisdiction. On the 22d of September, instant, the case was again brought before the court by the claimant in this action to have the libel dismissed, and by the libellants, in effect, to obtain a reversal of the former decision of the court, and a decree establishing the validity of this suit, notwithstanding the prize action and seizure also pending over this vessel.

The counsel for the libellants has been indulged in an elaborate and prolonged argument in maintenance of various legal propositions advanced by him in support of his action, but it does not seem to me that the court is called upon to consider the validity of the legal positions taken. or their applicability to the case in hand. The points rest upon the assumption that the condition of the hostilities in which the nation is involved is not a war in the sense which renders the property of neutrals employed in hostile acts against the United States. by carrying on trade with the insurgents, or aiding or assisting them in this warfare, or the property of our own citizens seized at sea and intended to be used for their benefit, subject to capture and condemnation by public or municipal law. The court remarked to the counsel, on the opening of this argument, that it seemed quite useless to go into those questions as being open to discussion in this court on its instance side, in the existing posture of the subject; that, in the earliest sessions of the court on cases of prize judisdiction. these matters were all brought up and debated by eminent counsel in a series of suits, and were carefully considered by the court and decided; the cases involving all the questions offered for renewed discussion were in the course of immediate revision and final determination before the circuit court of this district and the supreme court in full bench; and that this court could not after administering the law in that acceptation of it for eighteen months, upon the strength of any argument at bar, reverse its former judgments, but would adhere to them until they were acted upon by the higher courts. The counsel still persisted in his anxiety to deliver the argument prepared by him in the case, and, after a careful perusal of the synopsis of it published in the papers, at the same time recalling, so far as practicable, the impressions made by it at the hearing, the court sees no legal reason to surrender its convictions upon the questions involved in the case.

I therefore hold, that the matter charged in the libel presents a case within the jurisdiction of the prize court; that the libellants in this case have no authority in law to attach, in a private action, a vessel or her cargo which is under arrest as prize, and is within the cognizance of the prize court; and that, if the libellants have any legal or equitable demand against the vessel proceeded against in the prize court, the remedy must be sought in that tribunal.

It is ordered that the libel be dismissed, with costs to be taxed.

[See Cases Nos. 6.066. 10,025–10,028, for other cases bearing on the seizure of this vessel.]